IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MONTE INGRAM, JR. #550-827<br>Plaintiff | * | |
| v. | * | Civil Action Case No. WDQ-11-2593 |
| CORIZON MEDICAL STAFF, et al.<br>Defendants | * | |

*************************************************************

| | | |
|---|---|---|
| MONTE INGRAM, JR. #550-827<br>Plaintiff | * | |
| v. | * | Civil Action Case No. WDQ-11-2594 |
| PASSMAN, et al.<br>Defendants | * | |

*************************************************************

| | | |
|---|---|---|
| MONTE INGRAM, JR. #550-827<br>Plaintiff | * | |
| v. | * | Civil Action Case No. WDQ-11-2595 |
| MAJD ARNASUT, et al.<br>Defendants | * | |

**MEMORANDUM**

Monte Ingram, a frequent self-represented litigant, filed four prisoner civil rights actions in this court this month.[1] Additionally, he has two cases pending [2] and four others that have been assigned to inactive status.[3] As previously explained to Ingram, his repetitive claims and constant filings have become vexatious and place a burden upon this Court which is unfair to the numerous other self-represented litigants with whom this Court must share its time.

---

[1] Civil Action No. WDQ-11-2592 was dismissed by separate order.

[2] *See* Civil Actions No. WDQ-11-1225 and WDQ-11-1841.

[3] See Civil Actions No. WDQ-10-3613; WDQ-10-3614; WDQ-11-462; WDQ-11-689.

While this Court does not foreclose or enjoin Ingram from initiating an action, it has limited the number of active cases filed by Ingram to ensure that court process is available to him, without taxing the time and resources of the Court or impeding it from fulfilling its constitutional duty.

Under this process, the above cases have been reviewed and shall be administratively closed. Future complaints filed by Ingram shall be given an initial review by the Court to ascertain whether immediate attention is required. If immediate attention is necessary, the Court will order the Clerk to place the case on the Court's active-assigned docket. If immediate action is not warranted, the Court will order the case administratively closed. Cases in this posture will be filed, one at a time, on the Court's active docket at such time as the total number of Ingram's active cases decrease to zero. Cases will be docketed in the order of submission, unless on the active-assigned docket.

At the time a case is administratively closed, the Defendant[s] shall receive a copy of the Complaint from the Clerk and notice that the suit is administratively closed. The Defendant[s] shall also be notified when the suit is placed on the active docket. Furthermore, given the frequency of personnel changes within the state correctional system, Defendant[s], through the Office of the Attorney General, may in the future contact this court regarding any development which would impact on the ability of this court to effectuate future service of process on the Defendant[s] listed in an administratively closed case. A separate Order follows

9/20/11
Date

William D. Quarles, Jr.
United States District Judge